UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dwain Gulley,

        Plaintiff,                        Case Number: 24-cv-11816
                                                             Honorable Nancy G. Edmunds

v.

G. Miniard, et al.,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING DEFENDANTS
MINIARD, BADGEROW, LAMB, AND BITLER, AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF 9)</u>**

Before the Court is Plaintiff Dwain Gulley's amended complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 12.) Gulley, proceeding *pro se*, is incarcerated at the Central Michigan Correctional Facility (CMCF) in St. Louis, Michigan. He names seven defendants and raises claims related to dental care. For the reasons discussed, the Court dismisses defendants Miniard, Badgerow, Lamb, and Bitler. The Court denies Gulley's motion for appointment of counsel.

                                    I.  STANDARD OF REVIEW

The Court has granted Gulley's application to proceed without prepayment of the fees and costs in this action. (ECF No. 6.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must screen the complaint before service and dismiss the complaint, or any portion of the complaint, if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, a civil rights plaintiff must plausibly allege: (1) the violation of a right secured by the Constitution or another law of the United States, and (2) by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II. MOTION TO APPOINT COUNSEL

Gulley has filed a motion for appointment of counsel. (ECF No. 9.) Appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) ("[T]here is no right to counsel in prisoner civil rights cases."). Under 28 U.S.C. § 1915(e), "[t]he court may request an attorney to represent any person unable to afford counsel." § 1915(e)(1) (emphasis added). It is a matter "within the discretion of the court," *Childs*

*v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quotation omitted), and "is a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (quotation omitted). This case does not present exceptional circumstances warranting appointment of counsel at this time. The motion will be denied.

### III.  COMPLAINT

Gulley's complaint arises from his requests for dental treatment while incarcerated at CMCF. Gulley names seven defendants all of whom either worked at CMCF or provided services there: George Miniard, warden; J. Badgerow, assistant deputy warden; Carpenter, dental assistant; M. Oaks, health unit manager; Duane Allen Chris, dentist; and Patricia Lamb, registered nurse.

Gulley claims that he has suffered from a broken and abscessed tooth since October 2023. He alleges that defendants have been deliberately indifferent to his need for dental care and pain relief and that they have neglected to provide timely and adequate care based on his race.[1]

Gulley says that the on-call dentist came to CMCF multiple times from October 2023 through March 2024 and performed procedures on other prisoners but not on him. (ECF No. 12, PageID.25.) He maintains that the other prisoners received treatment because they are white. (*Id.* at PageID.26.) Gulley states that the on-call dentists should have recognized his medical needs as an emergency. (*Id.*) He wrote multiple kites seeking dental care. (*Id.*) Defendant Carpenter took x-rays several times but failed to

---

[1] Gulley does not identify his race, but the Michigan Department of Corrections Offender Tracking Information System indicates that Gulley's racial identification is Native American. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=177635 (last accessed Aug. 27, 2024).

3

examine him. (*Id.*) Although the x-rays showed an abscess, defendant Duane Allen Chris, the on-call dentist, did not see Gulley. (*Id.* at PageID.26.) Instead, over a period of four months, Chris repeatedly prescribed antibiotics without resolving the underlying issue or adequately addressing Gulley's pain. (*Id.*)

Gulley states that defendants M. Oaks, health unit manager, G. Miniard, the warden, and Badgerow, assistant deputy warden failed to ensure that he received adequate and equal medical care. (*Id.*)

IV.  DISCUSSION

A.  <u>Defendants Miniard and Badgerow</u>

Gulley's claims against Miniard, CMCF's warden, and Badgerow, CMCF's assistant warden, are based upon their supervisory authority.  The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. Of the City of N.Y.*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County*, *Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Gulley fails to allege that defendants Miniard and Badgerow engaged in any "active unconstitutional behavior" rather than a "'mere failure to act.'"  *Shehee v.*

4

*Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). He, therefore, fails to state a claim against them.

### B. Defendants Lamb and Bitler

Gulley fails to make any specific claims against defendants Lamb and Bitler in the body of the complaint. Instead, Gulley attaches to the complaint copies of grievances reviewed by these defendants. So it appears Gulley's claims against Lamb and Bitler are based on their denials of grievances regarding dental care. Gulley alleges no specific involvement of Lamb and Bitler in the alleged unconstitutional conduct. "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003), "as there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). *See also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (observing that the denial of a grievance complaining of inadequate medical care "is not the same as the denial of a request to receive medical care"). Moreover, state law does not create any liberty interest in a grievance procedure. *Id*. Failure to act in response to a grievance does not establish a § 1983 violation. *Shehee,* 199 F.3d at 300.

### V. CONCLUSION

Gulley has failed to state a claim upon which relief may be granted with respect to defendants Miniard, Badgerow, Lamb and Bitler and they are DISMISSED from this action.

Gulley's motion for appointment of counsel (ECF No. 9) is DENIED.

SO ORDERED.

                                                                               s/Nancy G. Edmunds
                                                                               Nancy G. Edmunds
                                                                               United States District Judge

Dated: September 3, 2024