UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAIN GULLEY,

        Plaintiff,

v.

G. MINIARD, *et al.*,

        Defendants.

_____/

Case No. 2:24-CV-11816
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR DISCOVERY (ECF NO. 8 & 19)

On June 6, 2024, Plaintiff Dwain Gulley, proceeding *pro se*, initiated this action in the Western District of Michigan, and it was transferred to this Court on July 15, 2024. (ECF No. 1.) Plaintiff immediately filed a motion for discovery, seeking various information and documents from the named, unserved defendants, as well as possibly from third parties. (ECF No. 8.) On the same date, Plaintiff filed an amended complaint. (ECF No. 12.) Thereafter, Judge Edmunds issued an order dismissing some of the defendants and narrowing the claims. (ECF No. 13.) The case was temporarily stayed to determine eligibility for a *pro se* prisoner early mediation and, after the case was excluded from the early mediation program, the stay was lifted. (ECF Nos. 14, 16.) Judge Edmunds then referred the case to me for "all pretrial proceedings, including a hearing and determination of all

non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 17.) Plaintiff then filed another, identical motion for discovery on November 25, 2024. (ECF No. 19.)

After review of the case file, Plaintiff's motions for discovery (ECF No. 8 & 19) are **DENIED WITHOUT PREJUDICE as premature.** This case is still in its infancy. Only two of the three defendants appear to have been served, and no answer has been filed or is even yet due. Indeed, Plaintiff's first motion was filed based on his initial pleading, before it was amended, and before Judge Edmunds dismissed several of the defendants. (ECF No. 8.) His second motion for discovery is identical to his first. (ECF No. 19.) Until the initial pleadings have been filed and finalized, it is premature to seek discovery because all of the defendants have yet to be served and/or appear, the discovery period has yet to begin. *See Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020) ("In pro se prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines."); *see also DeAngelis v. Cobb,* No. 21-12722, 2022 WL 22837331, at *1 (E.D. Mich. July 29, 2022) ("In prisoner civil litigation, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines after the defendants file an answer to

the complaint. Defendants have yet to file an answer and the Court has not entered a scheduling order.").

There will be ample time for discovery when the case gets to the point of the Court issuing a scheduling order, and until such time discovery motions are premature.

**IT IS SO ORDERED.**[1]

Dated:  January 3, 2025

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

3