UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAIN GULLEY,

          Plaintiff,

v.

MICHAEL J. BOUCHARD, *et al*.,

          Defendants.

_____/

Case No. 2:24-cv-11816
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS MATTER PURSUANT TO FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2

**I.**    **RECOMMENDATION**: The Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.

**II.**    **REPORT:**

    **A.**    **Background**

On June 6, 2024, Plaintiff Dwain Gulley, proceeding *pro se*, initiated this action in the Western District of Michigan, and it was transferred to this Court on July 15, 2024. (ECF No. 1.)  A month later, Plaintiff filed an amended complaint. (ECF No. 12.) Thereafter, Judge Edmunds issued an order dismissing some of the defendants and narrowing the claims. (ECF No. 13.)  The case was temporarily stayed to determine eligibility for a *pro se* prisoner early mediation and, after the case was excluded from the early mediation program, the stay was lifted. (ECF

Nos. 14, 16.)  Judge Edmunds then referred the case to me for "all pretrial

proceedings, including a hearing and determination of all non−dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 17.)

Plaintiff filed two motions for discovery in 2024 and another at the end of

January 2025, which I denied on January 3, 2025 and May 22, 2025 respectively,

finding that they were premature.  (ECF No. 22, PageID.118; ECF No. 34,

PageID.240.)  In addition to these, on January 6, 2025, Defendants Oaks and

Carpenter filed a motion for summary judgment on the basis of exhaustion.  (ECF

No. 25.)  A week later, Defendant Chris also filed a motion for summary

judgment on the basis of exhaustion.  (ECF No. 29.)  Under the local rules,

Plaintiff's response briefs to the motions were due within 21 days following

service of the motions.  E.D. Mich. LR 7.1(e)(2)(A).  However, to avoid any

ambiguity, I entered orders extending the response time and requiring responses to

both motions by February 18, 2025.  (ECF Nos. 26, 30.)  Three months past the

deadline, no response had been filed to either motion.

Eastern District of Michigan Local Rule 41.2 provides that "when it appears

that . . . the parties have taken no action for a reasonable time, the Court may, on

its own motion after reasonable notice or on application of a party, enter an order

dismissing or remanding the case unless good cause is shown."  E.D. Mich. LR

41.2.  Here, although Plaintiff had filed three premature motions for discovery (ECF Nos. 8, 19, 31), Plaintiff did not timely respond to Defendants' motions, even when ordered by the Court.  In light of Plaintiff's apparent abandonment of this case, I issued an order to show cause why the case should not be dismissed for lack of prosecution. (ECF No. 35.)

### B.    Discussion

In my order to show cause, Plaintiff was directed to respond by June 11, 2025 as to why the case should not be dismissed for failure to prosecute.  (ECF No. 35.)  It is now over a week since that deadline, and Plaintiff has not filed any response.

Plaintiff having failed to respond to the Court's order to show cause, the Court should dismiss this matter for Plaintiff's failure to prosecute.  As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998)).  Applying these factors to the case at bar, the Court should find that dismissal is warranted.

3

1.  It seems that Plaintiff's failure to file a response to Defendants' motions for summary judgment or to the order to show cause is the result of willfulness, bad faith or fault. If Plaintiff is not receiving the Court's orders mailed to his address of record, it is upon him to keep the Court apprised of any change in address, as he was warned at the outset of this case (*see* ECF No. 10). *See also* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address"). In any event, none of the Court's orders have been returned as undeliverable.

2.  Taking into consideration that the Court has imposed three deadlines on Plaintiff which he has failed to meet (ECF Nos. 26, 30, 35), Defendants are prejudiced by having to spend any *further* time and money – *i.e.*, beyond that associated with the pending dispositive motions – on a case that Plaintiff appears to have abandoned.

3.  The Court's show cause order warned Plaintiff that failure to comply with the order "**shall** result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2." (ECF No. 35, PageID.244 (emphasis in original).)

4.  As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given that Plaintiff seems to have abandoned this case and is not responding to Court orders.

Each of the factors weighs against Plaintiff; therefore, the Court should

**DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 42.1.

## III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  June 20, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

5